Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
EDWIN BLANCO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN BLANCO,<br><br>    *Plaintiff*,<br><br>v.<br><br>KURT GEIGER LTD.,<br><br>    *Defendant*. | Case No. 2:25-cv-00319<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br>*Jury Trial Demanded* |

Plaintiff Edwin Blanco for his Complaint against Defendant Kurt Geiger Ltd., alleges as follows:

## JURISDICTION

1.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

2.      On information and belief, defendant and/or its agents committed the infringement described below using individuals and/or instrumentalities located within the United States.

## PARTIES

3.      Plaintiff Edwin Blanco is a freelance photographer and regularly licenses photographs to numerous top-tier outlets. Throughout his illustrious career, he has

1
COMPLAINT

had the privilege of working with an array of globally recognized and prestigious clients, including industry leaders and iconic brands. His exceptional talent in photography has been sought after by countless celebrities throughout the world. These collaborations underscore Mr. Blanco's unmatched talent and impeccable reputation within the industry. His photographs have graced magazine covers and marketing materials of world-renowned brands, a testament to his remarkable skill and ability to consistently deliver extraordinary visual content.

4.     Mr. Blanco often licenses his photographs for a variety of reasons, including for celebrity news stories.

5.     Mr. Blanco is domiciled in the State of California and resides in Los Angeles.

6.     Defendant Kurt Geiger Ltd. ("KGL") is a global luxury British footwear and accessories brand. On information and belief, KGL is a private limited company organized under the laws of the United Kingdom with its headquarters in London, England.

7.     On information and belief, KGL owns, operates, or is responsible for the content that appears on the account @kurtgeiger on the social media platform $X$, former known as Twitter.

8.     This Court has personal jurisdiction over KGL under the "federal long-arm statute," Fed. R. Civ. Proc. 4(k)(2), because there is no other forum that can exercise personal jurisdiction over KGL, and KGLhas sufficient contacts with the United States, as a whole, to comport with due process.

9.     KGL's contacts with the United States include: (a) an extensive network of distributors, including Nordstrom, Bloomingdales, Dillards, and Target, (b) countless consumers to whom KGL has sold its products directly through its e-commerce websites, including kurtgeiger.com and its e-commerce website purposely directed to U.S. consumers, kurtgeiger.us, (c) a corporate and, on information and belief, operational connection to its U.S. corporate affiliate Kurt Geiger USA, Inc., a

Delaware corporation which is authorized to conduct business in California and maintains a retail location in Torrance, California, (d) accounts on social media networks *X*, Instagram, and LinkedIn, all of which are U.S.-based companies and instrumentalities headquartered and functioning in the United States.

10.    These contacts are the result of deliberate and intentional conduct, purposefully directed toward the United States, and California, on the part of KGL.

11.    Mr. Blanco's claims against KGL arise from KGL's contacts with the United States.

12.    Given these extensive and purposeful contacts with the United States, exercising nationwide personal jurisdiction over KGL would be reasonable and consistent with due process.

13.    Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

14.    Mr. Blanco owns and holds the copyright of a photographic image depicting American media personality and singer Dixie D'Amelio wearing and carrying products produced and sold by KGL (the "Image").

15.    Within 90 days of first publication, the Images were registered with the U.S. Copyright Office as Reg. No. VA 2-337-335 (eff. Feb. 1, 2023).

16.    KGL used the Image for its own purposes without seeking a license or otherwise obtaining permission.

17.    Specifically, on or around January 12, 2023, KGL, or someone acting with its authority and on its behalf, copied the Image and posted it to its social media account on Instagram, @kurtgeiger.

18.    The Image was used to promote KGL's products—specifically the products depicted in the Image—and invited viewers to click on a link to "shop the look."

**CLAIM ONE**

**(For Copyright Infringement, 17 U.S.C. § 501)**

19.     All prior paragraphs are incorporated into this claim.

20.     Plaintiff is the copyright owner of the protected Image named above in this Complaint.

21.     Defendant has reproduced, displayed, or otherwise copied the Image without Plaintiff's authorization or license.

22.     The foregoing acts of Defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

23.     Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyright of the above-referenced work in accordance with 17 U.S.C § 408.

24.     Plaintiff suffered damages as a result of Defendant's unauthorized use of the Image.

25.     Having timely registered copyright in the infringed Image, Plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work.

26.     Plaintiff alleges, on information and belief, that Defendant's actions were intentional or in reckless disregard of Plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

27.     In the alternative, Plaintiff is entitled to recovery of his actual damages and Defendant's profits attributable to the infringement of the infringed Image, under 17 U.S.C. § 504(b).

28.    Within the time permitted by law, Plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

29.    Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

A.    For a preliminary and permanent injunction against Defendant and anyone working in concert with its from further copying or displaying the Image;

B.    For an order requiring Defendant to account to Plaintiff for its profits and any damages sustained by Plaintiff arising from the act of infringement;

C.    As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of Plaintiff's copyright—including digital copies or any other means by which they could be used again by Defendant without Plaintiff's authorization—as well as all related records and documents;

D.    For actual damages and all profits derived from the unauthorized use of the Image or, where applicable and at Plaintiff's election, statutory damages;

E.    For an award of pre-judgment interest as allowed by law;

F.    For actual or reasonable attorney fees, court costs, expert witness fees, and all other costs authorized by agreement or under law;

G.    For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  January 12, 2026          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:    _/s/ Peter Perkowski_____
Peter E. Perkowski

Attorneys for Plaintiff EDWIN BLANCO

5

COMPLAINT